

September 28, 2022

**VIA ECF**

Honorable Matthew W. Brann
United States District Court for the Middle District of Pennsylvania
Herman T. Schneebeli Federal Bldg. & U.S. Courthouse
240 West Third Street
Suite 218
Williamsport, PA 17701

    Re:    <u>Cauley v. Geisinger Clinic, No. 4:21-CV-00045</u>

Dear Chief Judge Brann:

    This office represents Defendant Geisinger Clinic in the above-referenced matter. I write in response to counsel for Plaintiff's September 22, 2022 letter detailing a discovery dispute between the parties.

    Geisinger Clinic disagrees with Plaintiff's position that a Confidentiality Agreement and Protective Order is inappropriate to protect requested peer review documents from disclosure. Plaintiff appears to rest his position on the Supreme Court of Pennsylvania's decision in *Hayes v. Mercy Health Corporation*, 739 A. 2d 114 (Pa. 1999). *Hayes*, however, does not settle the instant dispute. Specifically, while that decision held that the confidentiality provision of the Peer Review Protection Act does not "appl[y] to an internal hospital proceeding in which a physician challenges his own peer review process," *id.* at 115, *Hayes* does not render a protective order inappropriate to protect the *confidentiality* of peer review documents. The well-known *Pansy* factors remain the appropriate benchmark for this analysis. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783-92 (3d. Cir. 1994) (discussing the standard applicable to the adoption of protective orders). Thus despite the discoverability of peer review documents in this matter, Geisinger posits that "good cause" exists to protect the documents from disclosure beyond the purposes of this litigation. Indeed, the Court previously recognized that the production of peer review records "implicate[s] privacy concerns" such that "[i]t may be appropriate to designate these documents as 'confidential' under a protective order." *Coyle v. Geisinger Health System*, No. 02-602, 2005 WL 8167397, at *2 (M.D. Pa. Jan. 19, 2005) (directing the parties to meet and confer regarding the adoption of a protective order). If agreement cannot be reached, Geisinger Clinic requests permission to file a motion for a protective order.

    I look forward to addressing this matter in more detail on the September 29, 2022 conference call and thank Your Honor for his time and attention to this matter.

                      Respectfully,

                      Frank J. Brier