## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEITH CAULEY, M.D., Ph.D.,

         Plaintiff,

   v.

GEISINGER CLINIC,

         Defendant.

No. 4:21-CV-00045

(Chief Judge Brann)

## MEMORANDUM OPINION

### NOVEMBER 22, 2022

Currently pending before the Court is Geisinger Clinic's ("Geisinger") motion for the entry of a confidentiality and protective order.[1] This case arises from Keith Cauley, M.D., Ph.D.'s allegations that, while he was employed as a radiologist for Geisinger, he was suddenly placed on administrative leave after Geisinger stated that a peer review revealed poor performance on Cauley's part.[2] While on leave, Cauley retained an attorney who negotiated Cauley's resignation from Geisinger.[3]

This litigation followed and, after the Court granted in part a motion to dismiss Cauley's second amended complaint—leaving claims for breach of contract and promissory estoppel—the parties began the process of discovery.[4] Geisinger now

---

[1]   Doc. 43.
[2]   Doc. 21 ¶¶ 13-19.
[3]   *Id.* ¶¶ 35-37.
[4]   Docs. 30, 31, 38.

seeks a confidentiality and protective order related to the peer review investigative information that Cauley seeks.

Geisinger argues that a confidentiality and protective order is necessary after a balancing of the relevant factors, as disclosure of the peer review investigations would (1) jeopardize patient identifying information; (2) undermine Geisinger's privacy interest; and (3) jeopardize public health and safety because the public disclosure of such information would undermine the honest and open dialogue necessary for peer reviews.[5] Cauley in turn asserts that the relevant factors weigh against granting this motion, as any privacy concerns related to third parties may be mitigated by redacting their information, and Geisinger's interests are significantly lessened because these peer reviews are not protected from disclosure under state law.[6]

District courts "may, for good cause, issue an order . . . specifying [the] terms . . . for the disclosure or discovery."[7] "The party seeking confidentiality establishes good cause by showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity."[8] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,

---

[5]   Doc. 44 at 3-8; Doc. 46 at 1-3.
[6]   Doc. 45 at 7-9.
[7]   Fed. R. Civ. P. 26(c)(1)(B).
[8]   *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (internal quotation marks omitted).

do not support a good cause showing."[9] "The burden of justifying confidentiality remains at all times on the party seeking the order."[10]

In determining whether a party has established good cause, the United States Court of Appeals for the Third Circuit has set forth seven non-exhaustive factors that district courts should consider:

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.[11]

Here, the relevant factors weigh in favor of granting Geisinger's motion. As to the first factor, disclosure would undoubtedly violate the privacy interests of Geisinger and third parties. The peer reviews apparently contain identifying information of Geisinger patients as well as information related Geisinger's employees and internal procedures. While the privacy interests of third parties may be mitigated by redacting personal identifying information, absent a protective order there is no way to maintain the privacy interests of Geisinger.

---

9   *Id.* (internal quotation marks omitted).
10  *Id.*
11  *Id.*

Second, while the information is being sought for a legitimate purpose and its disclosure would not cause any apparent embarrassment to Geisinger, the information is important to public health and safety. As the Commonwealth Court of Pennsylvania has observed, peer reviews help to maintain "high professional standards in the medical practice for the protection of patients and the general public."[12] As that court discussed, "[t]he need for confidentiality in the peer review process stems from the need for comprehensive, honest, and sometimes critical evaluations of medical providers by their peers in the profession" and without some confidentiality, "the ability of the profession to police itself effectively would be severely compromised."[13] In light of the importance of this information to public health and safety, the fourth factor strongly weighs in favor of granting Geisinger's motion.[14]

Next, there is no indication that sharing the information among litigants will promote fairness or efficiency. To the contrary, there are no additional litigants with whom to share this information, and Geisinger does not seek to shield the information from Cauley; it simply seeks to ensure that the information remains with

---

[12] *Joe v. Prison Health Servs., Inc.*, 782 A.2d 24, 32 (Pa. Commw. Ct. 2001).

[13] *Id.*

[14] Cauley asserts that Geisinger's interests are "significantly lessened" because the peer reviews did not address issues such as personal injury or medical malpractice and are not protected under Pennsylvania's Peer Review Protection Act. Doc. at 8 (citing *Hayes v. Mercy Health Corp.*, 739 A.2d 114 (Pa. 1999)). Regardless of the context of the peer reviews, they remain an important tool to ensure that physicians perform their work in a competent manner, and Geisinger's, and the public's, interest in maintaining the confidentiality of that process remains significant.

Cauley alone. Cauley does not, and cannot, argue that the issuance of a confidentiality and protective order would disrupt the fairness or efficiency of these proceedings.

Finally, weighing in favor of granting the motion is the fact that neither of the parties are public entities; rather, this "case involves private litigants, and concerns matters of little legitimate public interest."[15] Consequently, the relevant factors weigh in favor issuing a confidentiality and protective order, and Geisinger's motion will therefore be granted.

An appropriate protective Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
Chief United States District Judge

---

[15]  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994).